IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| CARL B. KENNEDY, #283943, ) | |
| ) | |
| Petitioner, ) | |
| ) | CIVIL ACTION NO. |
| v. ) | 1:17-cv-807-WHA-SMD |
| ) | [WO] |
| KARLA WALKER JONES, *et al.*, ) | |
| ) | |
| Respondents. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Before the Court is a petition for writ of habeas corpus under 28 U.S.C. § 2254 filed on November 9, 2017, by Carl B. Kennedy, an Alabama prisoner proceeding *pro se*. Doc. 1.[1] Kennedy challenges his 2013 Henry County murder conviction and his resulting life sentence. Respondents argue that Kennedy's Petition is time-barred under § 2244(d) of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Doc. 8 at 6–8, 15. For the following reasons, the undersigned magistrate judge RECOMMENDS that Kennedy's Petition (Doc. 1) be DENIED without an evidentiary hearing and that this case be DISMISSED with prejudice.

---

[1] References to "Doc." are to the document numbers of the pleadings, motions, and other materials in the court file, as compiled and designated on the docket sheet by the Clerk of Court. Pinpoint citations are to the page of the electronically filed document in the Court's CM/ECF filing system, which may not correspond to pagination on the "hard copy" of the document presented for filing.

## I. BACKGROUND

### A. State Criminal Conviction

On August 1, 2013, a Henry County jury found Kennedy guilty of murder in violation of § 13A-6-2, Ala. Code 1975. Doc. 8-1 at 87. On September 6, 2013, the trial court sentenced Kennedy to life in prison. Doc. 8-5 at 10. Kennedy appealed, arguing that: (1) the State's evidence was insufficient to support his conviction, and (2) the trial court erred by not dismissing the indictment due to an alleged *Brady*[2] violation. Doc. 8-6. On April 25, 2014, the Alabama Court of Criminal Appeals issued a memorandum opinion affirming Kennedy's conviction and sentence. Doc. 8-8. No application for rehearing and no petition for writ of certiorari were filed by Kennedy. The Alabama Court of Criminal Appeals issued a certificate of judgment on May 14, 2014. Doc. 8-9.

### B. State Post-Conviction Proceedings

On March 27, 2015, Kennedy filed a petition in the trial court seeking post-conviction relief under Rule 32 of the Alabama Rules of Criminal Procedure ("Rule 32 petition").[3] Doc. 8-10 at 9–35. In his Rule 32 petition, Kennedy claimed that: (1) the State committed a *Brady* violation by returning a shotgun found at the crime scene to its owner, (2) his trial counsel was ineffective, and (3) his appellate counsel was ineffective. *Id.*

An evidentiary hearing was held on Kennedy's Rule 32 petition on January 8, 2016. Doc. 8-11 at 75–140. On January 11, 2016, the trial court entered an order denying the

---

[2] *Brady v. Maryland*, 373 U.S. 83 (1963).
[3] Applying the prison mailbox rule, the Court deems Kennedy's Rule 32 petition to have been filed on the date he delivered it to prison authorities for mailing, presumptively, March 27, 2015, the day that he represents he signed it. *Houston v. Lack*, 487 U.S. 266, 271–72 (1988); *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001); *Adams v. United States*, 173 F.3d 1339, 1340–41 (11th Cir. 1999).

Rule 32 petition. *Id.* at 52. Kennedy appealed, and on September 2, 2016, the Alabama Court of Criminal Appeals issued a memorandum opinion affirming the trial court's judgment. Doc. 8-15. Kennedy applied for rehearing, which was overruled. Docs. 8-16, 8-17. Kennedy then filed a petition for writ of certiorari with the Alabama Supreme Court, which was denied on November 10, 2016. Docs. 8-18, 8-19. A certificate of judgment was issued on that date. Docs. 8-19, 8-20.

## C. Federal Habeas Petition

Kennedy filed the instant Petition on November 9, 2017.[4] Kennedy presents claims that: (1) the State tampered with physical evidence (presumably, the shotgun found at the crime scene and returned to its owner); (2) there were discrepancies between the tape recording of a 911 phone call and the transcript of the 911 call; (3) there were discrepancies and inconsistencies in the testimony of certain witnesses; and (4) the State's evidence was insufficient to support his conviction. Docs. 1, 1-1. Respondents have filed an answer (Doc. 8), arguing, among other things, that Kennedy's Petition is time-barred under AEDPA's one-year limitation period.

## II. DISCUSSION

Absent some tolling event, statutory or equitable, the federal limitation period for Kennedy to file the instant Petition expired on May 14, 2015. The AEDPA includes a one-year statute of limitations for filing a § 2254 petition. 28 U.S.C. § 2244(d). Under 28 U.S.C.

---

[4] Although the Petition was stamped as received in this court on November 27, 2017, Kennedy represents that he delivered the petition to prison officials for mailing on November 9, 2017. Under the prison mailbox rule, Kennedy's petition is deemed to be filed on November 9, 2017.

3

§ 2244(d)(1)(A), the one-year limitation period runs from the date on which a petitioner's state court judgment becomes final, either "by the conclusion of direct review or the expiration of the time for seeking such review."

On direct review, Kennedy did not seek rehearing from the Alabama Court of Criminal Appeals or discretionary review from the Alabama Supreme Court. Accordingly, Kennedy's conviction was final no later than May 14, 2014—i.e., the date that the Alabama Court of Criminal Appeals issued its certificate of judgment. *See Brown v. Hooks*, 176 F. App'x 949, 951 (11th Cir. 2006). Thus, under § 2244(d)(1)(A), the AEDPA one-year statute of limitations began to run on May 14, 2014. Absent some tolling event, statutory or equitable, the federal limitation period for Kennedy to file the instant Petition expired on May 14, 2015.

### A.  Statutory Tolling

Under 28 U.S.C. § 2244(d)(2), AEDPA's one-year limitation period is tolled during the pendency in the state courts of a properly filed state petition challenging the petitioner's conviction and sentence. 28 U.S.C. § 2244(d)(2); *see also Tinker v. Moore*, 255 F.3d 1331, 1335 n.4 (11th Cir. 2001); *Moore v. Crosby*, 182 F. App'x 941 (11th Cir. 2006). Kennedy filed an Alabama Rule 32 petition in the trial court on March 27, 2015. At that point, AEDPA's limitation period had run for 317 days (i.e., from May 14, 2014 to March 27, 2015), leaving 48 days on the federal clock. The AEDPA limitation period was statutorily tolled while proceedings on Kennedy's Rule 32 petition remained "pending." 28 U.S.C. § 2244(d)(2).

The trial court denied Kennedy's Rule 32 petition on January 11, 2016, and Kennedy appealed. The Alabama Court of Criminal Appeals affirmed on September 2, 2016. Kennedy's ensuing petition for writ of certiorari was denied by the Alabama Supreme Court on November 10, 2016. The Rule 32 proceedings were final when a certificate of judgment was issued on November 10, 2016. Once the Rule 32 proceedings were final, AEDPA's limitation period began to run again. The limitation period then ran unabated by any tolling event before expiring on December 28, 2016. Kennedy filed his § 2254 Petition on November 9, 2017.

Furthermore, the tolling provisions of 28 U.S.C. § 2244(d)(1)(B)–(D) provide no safe harbor for Kennedy by affording a different triggering date so that AEDPA's limitation period commenced on some date later than May 14, 2014, or (with tolling under § 2244(d)(2)) expired on some date later than December 28, 2016. There is no evidence that an unlawful state action impeded Kennedy from timely filing his Petition, *see* 28 U.S.C. § 2244(d)(1)(B), and Kennedy presents no claim resting on a "right [that] has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review," 28 U.S.C. § 2244(d)(1)(C). Moreover, Kennedy submits no ground for relief with a factual predicate not discoverable earlier with due diligence. *See* 28 U.S.C. § 2244(d)(1)(D).

**B.     Equitable Tolling**

The limitation period in federal habeas proceedings may be equitably tolled on grounds other than those specified in the habeas statutes "when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable

5

with diligence." *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999). A petitioner is entitled to equitable tolling "only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010). The diligence required is reasonable diligence, not "maximum feasible diligence," *id.* at 653, and the extraordinary circumstances must have a causal connection with the late filing. *San Martin v. McNeil*, 633 F. 3d 1257, 1267 (11th Cir. 2011). Equitable tolling is an extraordinary remedy that must be "limited to rare and exceptional circumstances and typically applied sparingly." *Hunter v. Ferrell*, 587 F.3d 1304, 1308 (11th Cir. 2009). "The petitioner bears the burden of showing that equitable tolling is warranted." *Id.*

     Kennedy argues that he is entitled to equitable tolling—and that his failure to timely file his Petition should be excused—because his counsel on direct appeal filed an "inadequate" brief with the appellate court and then "abandoned" him by failing to apply for rehearing with the Alabama Court of Criminal Appeals and for certiorari review by the Alabama Supreme Court. Doc. 11 at 2–5, 10–11. Kennedy's conclusory assertions fail to show that his appellate counsel abandoned him or that he acted diligently regarding these matters. They further fail to establish a causal connection between his appellate counsel's failure to apply for rehearing and seek certiorari review and his own failure to timely file his Petition. Accordingly, Kennedy has not met his burden of showing that equitable tolling is warranted in his case. Therefore, his Petition is time-barred by the AEDPA's statute of limitations period.

## C. Actual Innocence

The AEDPA's statute of limitations can be overcome by a credible showing of actual innocence. *McQuiggin v. Perkins*, 133 S.Ct. 1924, 1932 (2013). Habeas petitioners asserting actual innocence as a gateway to review of defaulted or time-barred claims must establish that, in light of new evidence, "it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Schlup v. Delo*, 513 U.S. 298, 327 (1995).

The standard "is demanding and permits review only in the "extraordinary" case. *House v. Bell*, 547 U.S. 518, 538 (2006). "'[A]ctual innocence' means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623–24 (1998). Here, Kennedy makes only conclusory assertions of his actual innocence. Doc. 11 at 3, 7, 10. He points to no new reliable evidence to support a claim of actual innocence. Instead, he references evidence adduced at trial and presented to the jury, which ultimately convicted him. Kennedy argues that certain trial evidence should be understood in a different light because of alleged inconsistencies in witness testimony. *See* Doc. 11 at 5–9. Essentially, he disputes the weight afforded to the trial evidence.

Such arguments, however, will not sustain a claim of actual innocence. *See, e.g.*, *Johnson v. Alabama*, 256 F.3d 1156, 1171 (11th Cir. 2001) (explaining that a claim of actual innocence must be supported by "reliable evidence not presented at trial"); *Rozzelle v. Sec'y, Fla. Dep't of Corr.*, 672 F.3d 1000, 1017–18 (11th Cir. 2012) (noting that evidence is not considered "new" when the jury heard the substance of virtually all of the evidence at trial); *Rutledge v. Neilsen*, 2012 WL 3778987, at *7 (M.D. Ala. 2012)

7

(explaining that allegations going to sufficiency of and/or weight afforded the evidence do not constitute "new reliable evidence" regarding actual innocence). Accordingly, Kennedy fails to satisfy the actual-innocence exception to the habeas statute's time-bar as articulated in *Schlup*. Because the actual-innocence exception does not apply, Kennedy's claims are not subject to federal habeas review.[5]

### III.   CONCLUSION

Accordingly, it is the RECOMMENDATION of the undersigned magistrate judge that Kennedy's Petition (Doc. 1) for writ of habeas corpus under 28 U.S.C. § 2254 be DENIED and that this case be DISMISSED with prejudice.

It is further ORDERED that the parties shall file any objections to this Recommendation on or before December 21, 2020. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations under 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal

---

[5] Arguably, Kennedy presents his actual-innocence claim as a "freestanding" claim, not as a gateway to review of his time-barred claims. The Eleventh Circuit has left open the question of whether federal habeas courts may entertain freestanding actual-innocence claims in non-capital cases. *See, e.g.*, *Cunningham v. Dist. Att'y's Off. for Escambia Cty.*, 592 F.3d 1237, 1272 (11th Cir. 2010); *Jordan v. Sec'y, Dep't of Corr.*, 485 F.3d 1351, 1356 (11th Cir. 2007). Assuming that Kennedy may assert his "actual innocence" claim as a freestanding claim, it would still be subject to AEDPA's procedural restrictions, including the limitation period in § 2244(d). *See Moody v. Thomas*, 89 F. Supp. 3d 1167, 1270–71 (N.D. Ala. 2015). Thus, any freestanding actual-innocence claim by Kennedy is time-barred under § 2244(d).

conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1. *See Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982*). See also Bonner v. City of Prichard,* 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this 7th day of December, 2020.

Stephen M. Doyle
CHIEF U.S. MAGISTRATE JUDGE