IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| CARL B. KENNEDY, #283943, | ) |
| Petitioner, | ) |
| v. | ) CIVIL ACTION NO. 1:17cv807-WHA |
| | ) (wo) |
| KARLA WALKER JONES, *et al.*, | ) |
| Respondents. | ) |

**MEMORANDUM OPINION AND ORDER**

This case is before the court on the Recommendation of the Magistrate Judge (Doc. 12) and the Plaintiff's Objections thereto. (Doc. 13).

Following an independent evaluation and *de novo* review of the file in this case, the Court finds the objections to be without merit and due to be overruled.

Kennedy filed his § 2254 petition on November 9, 2017. He challenges his 2013 Henry County murder conviction and resulting life sentence. In his § 2254 petition, Kennedy presented claims that: (1) the State tampered with physical evidence (presumably, the shotgun found at the crime scene and returned to its owner); (2) there were discrepancies between the tape recording of a 911 phone call and the transcript of the 911 call; (3) there were discrepancies and inconsistencies in the testimony of certain witnesses; and (4) the State's evidence was insufficient to support his conviction.

The Magistrate Judge found that the limitation period for Kennedy to file a habeas corpus petition expired on May 14, 2015, and that the § 2254 petition should be dismissed as time-barred, not subject to statutory or equitable tolling, or actual innocence.

Kennedy argues in his objections, as he did before the Magistrate Judge, that his counsel on direct appeal "abandoned" him by failing to apply for rehearing with the Alabama Court of Criminal Appeals and for certiorari review by the Alabama Supreme Court. Kennedy's counsel on direct appeal advised him that there was no basis for pursuing certiorari review with the Alabama Supreme Court and that she would not be filing a cert petition for him. This event occurred, at latest, in May 2014. The facts Kennedy sets forth do not demonstrate abandonment by his counsel. Moreover, because of Rule 32 petitions filed by Kennedy and proceedings on those petitions, the AEDPA limitation period did not expire for Kennedy until December 28, 2016. Kennedy can show no causal connection between actions of his appellate counsel in May 2014 and Kennedy's failure to file a § 2224 petition before the federal limitation period expired on December 28, 2016.

Accordingly, it is hereby ORDERED as follows:

1. The Objections are OVERRULED.

2. The Court ADOPTS the Recommendation of the Magistrate Judge.

3. The petition for writ habeas corpus is DENIED and the case is DISMISSED with prejudice.

A separate Judgment will be entered.

Done this 5th day of January, 2021.

/s/ W. Harold Albritton  
W.HAROLD ALBRITTON  
SENIOR UNITED STATES DISTRICT JUDGE